# CHORPENNING, GOOD, CARLET & GARRISON
## ATTORNEYS AT LAW

CARLET, GARRISON, KLEIN & ZARETSKY, L.L.P.
1135 CLIFTON AVENUE, SUITE 104
P.O. BOX 2666
CLIFTON, NEW JERSEY 07015-2666
(973) 777-7340
FAX (973) 777-0412

REPLY TO: ___NEW JERSEY___

CHORPENNING, GOOD & PANDORA CO., L.P.A.
585 SOUTH FRONT STREET, SUITE 250
COLUMBUS, OHIO 43215
(614) 469-1301
FAX (614) 469-0122

Via Facsimile: 212-805-7949

December 26, 2007

Honorable P. Kevin Castel
U.S. District Court, Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, New York 10007-1312

Re:   BRIAN BURKE v. SOLOMON ACOSTA & FASCORE/GREAT WEST and
      MTA/NYC TRANSIT AUTHORITY
      Case No: 07-CIV-9933 (PKC)

Dear Judge Castel:

The undersigned represents Great-West Life & Annuity Insurance Company and FASCore, LLC ("FASCore"), which have been incorrectly named as "Fascore/Great West", defendants in the above-referenced matter (collectively, "FASCore Defendants"). Pursuant to my telephone conversation with Drew D'Agostino, I am faxing this letter requesting an extension of time for our clients to answer, move or otherwise file a responsive pleading to the Amended Complaint in the above-referenced matter and to request a pre-motion conference pursuant to Section 2.A.1 of your Individual Practices. At the present time, our clients' time to answer, move or otherwise file a responsive pleading expires on December 26, 2007.

Our clients intend to move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiff has also failed to adequately plead the Court's jurisdiction. It appears that the plaintiff has invoked the Court's jurisdiction under "IRS Codes", which plaintiff has alleged are "federal law/regulations." Amended Complaint, page 1. It also appears that plaintiff attempts to invoke: the Court's diversity of citizenship jurisdiction under 28 U.S.C., Section 1332, by his allegation that "virtual person Great West/Fascore is/are a legal resident of another state (Colorado) and the amounts in controversy well exceed $75,000"; the Court's federal question jurisdiction under the Racketeer Influenced and Corrupt Organizations Act ("RICO") "18 U.S.C. Chapter 96 Section 1961-1968" by his allegation that there were "violations of federal RICO statutes …"; and the Employee Retirement Income Security Act of 1974 ("ERISA") by his allegation of violations of "29 U.S.C. Section 1132" (*Id.*

CHORPENNING, GOOD, CARLET & GARRISON
ATTORNEYS AT LAW

at p. 2). Finally, it appears that the plaintiff intends to "challenge the constitutionality of any federal or state statute or common law, rule and/or regulation …". (Amended Complaint, p. 2)

With respect to plaintiff's reference to "IRS Codes", we are unaware of any private right of action that arises by an individual against private corporations or even a public authority such as the defendant, Metropolitan Transportation Authority of the State of New York ("MTA"), and we are not aware that it provides any basis for federal jurisdiction in a civil matter.

With respect to his invocation of the Court's diversity jurisdiction, the Amended Complaint alleges that the plaintiff resides in New York County and, presumably, he is a citizen of the State of New York. Plaintiff also alleges that the MTA has offices in New York City, and upon information and belief, it is a public authority organized and existing under the laws of the State of New York with its principal place of business in the State of New York. Accordingly, on the face of the Complaint, it does not appear that the Court has diversity jurisdiction.

ERISA expressly exempts from its coverage employee benefits plans established by governmental entities or authorities. 29 U.S.C., Section 1003(b)(1). Accordingly, from the face of the Amended Complaint, it appears that ERISA does not apply here.

The Amended Complaint does not assert distinct causes of action. Rather, the Plaintiff claims, without specific factual allegations, that there has been an "unlawful seizure/ conversion" of his 457 account; that this was in "retaliation" for his filing a complaint for "discrimination"; and that the defendants have been "attempting…to cause [him] to default" on a loan. He alleges, in a general, conclusory fashion, that the defendants have violated RICO and ERISA, and he states that he "will challenge the constitutionality" of unspecified federal and state laws. In a catch-all paragraph, he claims that he is the victim of "conversion"; "Fraud; Tortuous [sic] Interference with Contract; Conspiracy to Induce Breach of Contract, Interference with Prospective Economic Advantage, Negligent Misrepresentation (as Fiduciary), Negligence, Conspiracy", and that he has been caused mental anguish. (*Id.*, pp. 3-4, Para. (3)).

To withstand dismissal under Fed. R.Civ. P. 12(b)(6), a complaint must allege, when viewed in the light most favorable to plaintiff, a state of facts which, if proved, would establish the elements of a recognized cause of action. *Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972). The Amended Complaint does not contain sufficient allegations to withstand a motion to dismiss.[1] Viewing the Amended Complaint in the required fashion, it contains none of the necessary allegations of fact, as follows:

**RICO:** There are no allegations of "multiple predicate acts which constitute a pattern of racketeering activity", necessary to a cause of action for RICO. *Red Ball Interior Demolition Corp. v. Palmadessa,* 908 F. Supp. 1226, 1237 (SDNY 1995). "Racketeering activity" includes a

---

[1] While the pleading requirements for *pro se* plaintiffs are less stringent than for a party represented by counsel, nonetheless, "naked", "conclusory" allegations, alone, warrant dismissal of a complaint. *Kramer v. Elmira Auto Paint Supplies, Inc.*, 903 F. Supp. 315, 317 (N.D.N.Y. 1995).

CHORPENNING, GOOD, CARLET & GARRISON
ATTORNEYS AT LAW

variety of criminal acts. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 250, 109 S.Ct. 2893, 2906, 106 L.Ed.2d 195 (1989). The Amended Complaint does not make any factual allegations of criminal, predicate acts by FASCore Defendants.

**ERISA:** It is clear that the plaintiff's employer is the defendant, MTA, which is a governmental entity, and, thus, any plan established by the MTA is expressly exempt from the application of ERISA, and plaintiff cannot state a claim thereunder. 29 U.S.C. Section 1003(b)(i); 1002(32).

**CONSTITUTIONAL VIOLATIONS:** As a non-governmental entity, the FASCore Defendants must have acted with or obtained aid from a state official in order for them to be subject to an action for violation of the constitution. *Dahlberg v. Becker*, 748 F.2d 85, 89 (2d Cir. 1984); *cert. den.*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). There are no allegations of these elements against the FASCore Defendants. Moreover, the Amended Complaint merely asserts that Plaintiff "will challenge the constitutionality" of certain statutes, etc., which in no way alleges any "violation" by the FASCore Defendants.

The Amended Complaint also fails to allege any of the elements of the Plaintiff's tort and contract claims, the names of which he has merely listed. For example, in his reference to "Fraud" he has failed to meet the heightened pleading requirements of Fed.R.Civ.P. 9(b). He has not alleged any misrepresentation, intent to defraud, reasonable reliance or damage caused thereby. *May Dept. Stores Co. v. International Leasing Corp., Inc.*, 1 F.3d 138, 141 (2d Cir. 1993).[2]

In light of the foregoing, the FASCore Defendants ask that the Court schedule a pre-motion conference so that they may file a motion to dismiss.

Thank you for your consideration of this letter.

Respectfully yours,

MICHAEL J. ZARETSKY

MJZ/lmk
cc:   Brian Burke, Pro Se
      (via e-mail and regular mail)

      Ching Wah Chin, Esq.
      (via e-mail, only)

---

[2] The *May* case applied New York law, which is cited here for convenience, only, although the FASCore Defendants do not concede that New York law, necessarily, applies.