UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BRIAN BURKE,

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/08 7.5
```

                    Plaintiff,                           07 Civ. 9933 (PKC)

        -against-                                        ORDER

SOLOMON ACOSTA & FASCore/GREAT
WEST & MTA/NYC TRANSIT
AUTHORITY, et al.,
                    Defendants.

-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        This action was commenced by plaintiff Brian Burke, proceeding pro se,

on November 9, 2007 with the filing of a complaint. Thereafter, on November 21, 2007,

plaintiff amended his complaint as of right. (Docket # 4.)

        Plaintiff's complaint invokes a wide range of statutes and legal theories,

including Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68

("RICO") to "Criminality/Torts," "Civil Conspiracy," Breach of Contract, "Conspiracy to

Induce Breach of Contract," Interference with Prospective Economic Advantage,

Negligent Misrepresentation and Conversion. In various submissions to this Court, he

has also invokes the Fair Labor Standards Act, IRS Codes, 42 U.S.C. § 1983, New

York's Martin Act, as well as other theories and statutes.

        Defendants Solomon Acosta, FASCore/Great West ("FASCore") and

"MTA/NYC Transit Authority" now move to dismiss the complaint under Rule 12(b)(1)

and (6), Fed. R. Civ. P. The motions are granted.

Mail ?l
7 o r + e d d c r

I.

Plaintiff is employed by the New York City Transit Authority ("NYCTA").

The Metropolitan Transit Authority ("MTA") is a parent or affiliate of NYCTA. He alleges

that he is an active shop steward with the Transit Workers Union Local 100 and has

participated in a job action. He asserts that he had two benefit accounts, one which will be

referred to as a "457 Account" and the other a "401(k) Account."

The Amended Complaint alleges that on July 7, 2006 he arrived 20 minutes

late for work due to a train delay because of a sick passenger. He alleges that his work time

was cut by over three hours in violation of the collective bargaining agreement. He alleges

that he complained to the NYCTA internal equal employment opportunity office ("NYCTA

EEO Office") of "illegal discrimination." The Amended Complaint does not identify him as

a member of any protected class or describe the nature or basis of the discrimination.

In August 2006, the plaintiff alleges that he applied for a $50,000 loan from

his 457 Account in order to finance the purchase and construction of a residence in Las

Vegas, Nevada. The plaintiff alleges that he was told that the loan had been approved and

that a check would be sent to him. When the check did not arrive, the plaintiff made inquiry

to the plan administrator, FASCore. He was told that upon direction from defendant

Solomon Acosta, a hold had been placed upon plaintiff's account. He further alleges that he

was later given a loan of $25,000 from his 401(k) Account which must be repaid in five

years, and not the 20 year period that he believes he should have been granted.

In addition to actual damages, damages for mental anguish and punitive

damages, he also seeks to have his accounts unfrozen and the loan converted into a 20 year

loan. Further, he seeks an order "[t]hat Solomon Acosta, and all MTA General Counsel

-3-

Attorneys who assisted/ordered/advised/had knowledge of, be terminated for cause for said crimes and pension/assets seized."

II.

Rule 8(a)(2), Fed. R. Civ. P., requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, __ U.S.__, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks, alteration and citation omitted). Rule 8 does not require that legal theories be pled in the complaint. See Wynder v. McMahon, 360 F.3d 73, 77 (2d Cir. 2004).

When a defendant tests the sufficiency of a complaint by a motion under Rule 12(b)(6), "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 127 S. Ct. at 1965). The complaint is measured against a "flexible plausibility standard," which obligates the "pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (internal quotation marks and citation omitted), cert. granted, Ashcroft v. Iqbal, 76 U.S.L.W. 3417, 76 U.S.L.W. 3649, 76 U.S.L.W. 3654, 77 U.S.L.W. 3018 (U.S. June 16, 2008). This "does not require heightened fact pleading of specifics." In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007); see also Erickson v. Pardus, __ U.S.__, 127 S. Ct. 2197, 2200 (2007). However, it does "require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'" Elevator

Antitrust Litig., 502 F.3d at 50 (quoting Twombly, 127 S.Ct. at 1974) (alteration in Elevator Antitrust Litig.).

On a motion to dismiss, a court must accept the allegations of the complaint as true and draw all reasonable inferences in the non-movant's favor. See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 71 (2d Cir. 1995) (per curiam). The Court is limited to consideration of the facts as stated in the complaint, any documents which are attached to the complaint, and any documents which are incorporated by reference into the complaint. See Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662 (2d Cir. 1996). The Court may consider documents annexed to the complaint or incorporated by reference into the complaint without converting the motion into a motion for summary judgment. See Int'l Audiotext Network, 62 F.3d at 72 (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citation omitted); see also Levy v. Southbrook Int'l Inv., Ltd., 263 F.3d 10, 13 n.3 (2d Cir. 2001).

Because the plaintiff is self-represented, he is entitled to special solicitude and his pleading should be generously construed. See, e.g., Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). "Pleadings must be construed so as to do justice." Rule 8(e), Fed. R. Civ. P.

III.

No claim for relief is stated under RICO against any defendant. Fairly read, plaintiff's alleged injury was not caused by a pattern of racketeering activity. Further, no

predicate acts are alleged.[1] Plaintiff has not alleged facts, which, if believed, would give him RICO standing. See Lerner v. Fleet Bank, N.A., 318 F.3d 113, 120 (2d Cir. 2003).

Conceivably, plaintiff could have a claim under Title VII against his employer for retaliation for complaining of "illegal discrimination." Ordinarily, an individual who has been the victim of discrimination or retaliation must file a complaint with the proper state or federal administrative agency within 300 days of the incident. 42 U.S.C. § 2000e-5(e)(1). The Amended Complaint makes no such allegation but there is some suggestion in plaintiff's papers that he may have done so.

ERISA does not govern an employee benefit plan "if such plan is a governmental plan" as defined in the statute. 29 U.S.C. § 1003(b)(1). A governmental plan is defined, in relevant part as "a plan established or maintained . . . by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). Here, the plans maintained by NYCTA and the MTA qualify as governmental plans and are exempt from ERISA. See Rose v. Long Island Railroad, 828 F.2d 910, 916 (2d Cir. 1987).

Of course, that does not exempt the MTA or NYCTA from all potential liability. Plaintiff could allege a state law breach of contract claim against the plan. To invoke this Court's jurisdiction, he must demonstrate that he was a citizen of a state other than New York at the time this action was commenced (and meet all other requirements for diversity jurisdiction) or have a viable federal claim invoking the Court's federal question jurisdiction. 28 U.S.C. §§ 1331-32. If there is not a basis for diversity jurisdiction and no federal claim survives, this Court would likely decline to exercise supplemental jurisdiction.

---

[1] It is doubtful that a municipal corporation can form the mens rea necessary for the commission of the predicate acts. In re CitiSource, Inc. Securities Litigation, 694 F. Supp. 1069, 1079 (S.D.N.Y. 1988).

28 U.S.C. § 1367(c)(3). See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003). Plaintiff would be free to assert his common law claims in state court.

Plaintiff may conceivably have a claim against NYCTA or the MTA under a collective bargaining agreement for the loss of three hours. It may be that his collective bargaining agreement has grievance or arbitration provisions which would limit his ability to assert these claims.

The relationship of Solomon Acosta to the NYCTA or MTA is not alleged in the complaint. Assuming that he is an employee of NYCTA or the MTA, no act is alleged to have been done outside the scope of his employment. Plaintiff has not alleged a plausible theory of liability against him. Even if all other requisites to a Title VII claim could be met, supervisor liability does not exist under Title VII. See Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam).

Plaintiff has not alleged facts which would nudge his claim into the plausible as against FASCore. Accepting the allegations of the complaint as true, the acts undertaken by FASCore appear to have been ministerial and taken at the direction of plaintiff's employer.

Generously read and without setting forth the elements of every claim mentioned in plaintiff's various submissions, no other plausible claim for relief appears to have been alleged.

IV.

Defendants' motions to dismiss are granted. Plaintiff's motion for default is denied. Plaintiff's "Omnibus Motions" and all other pending motions are denied.

-7-

The action is stayed for ninety days for two distinct reasons. First, I am placing the case on the list maintained by the District's Pro Se Office of those eligible for assignment of pro bono (volunteer) counsel. Second, I am asking the Pro Se Office to place this case on the eligible list for the District's Pro Se employment case mediation program.

At the conclusion of the ninety day period, plaintiff (or his counsel) may move to further amend the complaint. Any further amended pleading should comply with Rule 8(a)(1), Fed. R. Civ. P., requiring "a short and plain statement of the grounds for the court's jurisdiction." At this stage, the only plausible claims plaintiff will likely be permitted to assert are (a) a Title VII claim against NYCTA and/or the MTA for discrimination or retaliation for complaining of discrimination, assuming he has first complied with the statutory preconditions to suit; (b) a common law breach of contract claim against NYCTA and/or the MTA for breach of the terms of the ERISA exempt plans; and (c) a claim for breach of the collective bargaining agreement in connection with the three hour loss time, assuming it is not limited by a grievance or arbitration provision.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 25, 2008